UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAN NYGREN,

    Plaintiff,

v.

AT&T WIRELESS SERVICES, INC., et al.,

    Defendants.

CASE NO. C03-3928JLR

ORDER

## I. INTRODUCTION

The court has received Defendants' motion for reconsideration of the court's order dated April 21, 2005. (Dkt. # 62). The court has reviewed the motion and DENIES it to the extent it requests reconsideration of the court's order.

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. Defendants' motion does not meet either standard.

The remainder of this order clarifies the court's prior order to address the issues Defendants have raised in their motion. First, it appears undisputed that Plaintiff withdrew his claim for negligent hiring, and thus that cause of action is no longer at issue.

ORDER – 1

Second, the court is mindful of Washington authority barring a cause of action for negligent infliction of emotional distress arising from workplace disputes or the imposition of discipline on employees.  See Snyder v. Med. Serv. Corp., 35 P.3d 1158, 1163-65 (Wash. 2001).  This authority does not, however, foreclose all negligent infliction of emotional distress claims arising from workplace conduct.  The court's prior order recognized that Plaintiff's evidence, taken in the light most favorable to him, supports a claim based on conduct that is neither part of a workplace dispute nor the imposition of discipline.  A jury must decide if Defendant Brown's alleged favoritism toward Ms. Earls is outside the bounds of a workplace dispute or the imposition of discipline.

Finally, Defendants misconstrue Washington law that bars negligence claims that are duplicative of claims for workplace discrimination.  Defendants cite Haubry v. Snow, 31 P.3d 1186 (Wash. 2001), and Francom v. Costco Wholesale Corp., 991 P.2d 1182 (Wash. 2000), for the proposition that if a plaintiff pleads negligence claims based on the same conduct underlying a claim of discrimination, a court must dismiss the negligence claims.  Neither Haubry nor Francom supports that proposition.  Instead, they establish that a plaintiff cannot win "double recovery" under discrimination and negligence theories.  Francom, 991 P.2d at 1192.  The cases explicitly recognize that non-discriminatory conduct can form the basis of a negligence claim.  Id. ("[W]hen a plaintiff alleges that non-discriminatory conduct caused separate emotional injuries, he or she may maintain a separate claim for negligent infliction of emotional distress.").  Here, Plaintiff mistakenly believed that his allegations made out a claim of discrimination.  The court disposed of the discrimination claims.  There is thus no danger of a double recovery, and no basis for summary judgment.

ORDER – 2

1   For the foregoing reasons, the court DENIES Defendants' motion for
2  reconsideration. (Dkt. # 62).

Dated this 16th day of May, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 3